UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


TROY TAYLOR (#361497)

VERSUS                               CIVIL ACTION

IVY MILLER                           NUMBER 13-471-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 28, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TROY TAYLOR (#361497)

VERSUS                                  CIVIL ACTION

IVY MILLER                              NUMBER 13-471-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ivy Miller.  Plaintiff alleged that the defendant interfered with his access to the courts in violation of his rights under the First Amendment.  Specifically, the plaintiff alleged that he submitted a request for copies and the copies were not made on the same day he requested them.  Plaintiff alleged that he was required to provide an inmate counsel substitute with information regarding his inmate account balance before the copies would be made.  Plaintiff complained that when he was given his copies, he was not given the number of copies he had requested.  Plaintiff also complained that he was provided insufficient access to legal books.

## I. Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

    (c) Dismissal.--(1) The court shall on its own
    motion or on the motion of a party dismiss any
    action brought with respect to prison conditions

under section 1983 of this title, or any other
Federal law, by a prisoner confined in any jail,
prison, or other correctional facility if the court
is satisfied that the action is frivolous,
malicious, fails to state a claim upon which relief
can be granted, or seeks monetary relief from a
defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and
may not dismiss the complaint for failure to state a claim unless
it appears beyond doubt that the plaintiff cannot prove any set of
facts in support of his claim which would entitle him to relief.
*Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir.
1984).

In an action proceeding under § 1915, this court may consider,
sua sponte, affirmative defenses that are apparent from the record
even where they have not been addressed or raised by the parties.
*Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides
in pertinent part as follows:

(a) Applicability of Administrative Remedies.--No action
shall be brought with respect to prison conditions under
section 1983 of this title, or any other Federal law, by
a prisoner confined in any jail, prison, or other
correctional facility until such administrative remedies
as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available
administrative remedies before filing a § 1983 suit and is
precluded from filing suit while the administrative complaint is
pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002);
*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated*

2

*in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id*., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

Plaintiff acknowledged in his complaint that he did not make an Administrative Remedy Procedure ("ARP") request regarding the

claims raised in the complaint prior to filing it.[1]

To verify this assertions, the Louisiana Department of Public Safety and Corrections was ordered to file a certified copy of any ARP record related to the claims raised in the complaint.  In its response, the Louisiana Department of Public Safety and Corrections confirmed  that the plaintiff failed to exhaust the Administrative Remedy Procedure prior to filing suit.[2]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought.  La. Admin. Code tit. 22, pt. I § 325(G)(1)(a).  The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected.  *Id*.  The warden shall respond to the inmate within 40 days from the date the request is received at the first step.  *Id*.  An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP screening officer within 5 days of receipt of the decision.  *Id*. at § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt.  *Id*.

---

[1] Record document number 3, p. 3, part II, § B.

[2] Record document number 13.

4

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion.  *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

## RECOMMENDATION

It is the recommendation of the magistrate judge that plaintiff's complaint be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[3]

Baton Rouge, Louisiana, October 28, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] *Underwood v. Wilson*, 151 F.3d at 296.

5